IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON HILL,**<br>       **Plainitff**<br><br>       v.<br><br>**L.T. KNAPP, et al.,**<br>       **Defendants** | **CIVIL ACTION NO.  11-7329** |

**MEMORANDUM RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                    **June 17, 2014**

**I.     Introduction**

Plaintiff, Vernon Hill, an inmate at State Correctional Institution at Graterford, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff claims damages resulting from violations of his equal protection and due process rights in the course of disciplinary actions, sanctions, and the appellate review of those sanctions.  Defendants Lt. Knapp, Mary Canino, Lt. Easton, Tony Wolfe, L. Ludwig, Michael Wenerowicz, and R.B. MacIntyre (the "Commonwealth Defendants") move for summary judgment.[1]

**II.    Procedural History**

On December 16, 2011, Plaintiff filed his Complaint.[2]  (ECF 5).

On March 7, 2012, the Commonwealth Defendants filed a Motion to Dismiss.  (ECF 10). Plaintiff responded to the Motion to Dismiss on April 9, 2012 (ECF 11), and supplemented that response on May 16, 2012 (ECF 12).

On June 20, 2012, this Court granted Plaintiff's Request for Appointment of Counsel and submitted this case to the pro bono panel, and placed the case in suspense (ECF 13).  On July 5,

---

[1] Plaintiff also named John/Jane Does as Defendants.
[2] On December 16, 2011, this Court granted Plaintiff's Application to Proceed In Forma Pauperis ( ECF 4).

2013, the Clerk of Court notified Plaintiff that, after 8 months on the "extranet" site, Plaintiff's case had not been selected by a member of the Volunteer Attorney Panel and instructing Plaintiff to file a notice if he wished to proceed with his lawsuit in the absence of counsel (ECF 16). On July 17, 2013, Plaintiff filed a Notice of Intention to Proceed (ECF 17).

The Court dismissed a number of Plaintiffs' claims on August 21, 2013 (ECF 19). The Court denied the Commonwealth Defendant's Motion to Dismiss with respect to Plaintiff's procedural due process claim, and ordered discovery to proceed on that claim only. Id.

On March 24, 2014, the Commonwealth Defendants filed a Motion for Summary Judgment (ECF 29). On April 24, 2014, this Court ordered Plaintiff to respond to the Motion for Summary Judgment within thirty days (ECF 32). On May 27, 2014, Plaintiff filed a Response in Opposition to the Motion for Summary Judgment (ECF 35).

### III.    Factual Background

The following facts are undisputed, unless otherwise noted. Plaintiff is an inmate at the State Correctional Institution at Graterford, a Pennsylvania Department of Corrections ("DOC") facility (ECF 28) (Defs.' Mot. for Summ. J.) ¶¶ 1-2. Plaintiff's claims arise out of an infraction, referred to as Misconduct Report # 385551 (the "Report"), which was issued on April 30, 2011. Id. ¶ 3; Ex. B (Apr. 30, 2011 Misconduct Report). In the Report, Defendant Knapp reported that Plaintiff was in possession of medication not issued to him and was in another inmate's cell, and charged with possession of a contraband and presence in an unauthorized area. Defs.' Mot. for Summ. J. ¶¶ 5-6. According to the Report, Captain Flaim wrote that the allegations constituted "serious misconduct" and Flaim reviewed and approved the Report. Id. ¶ 7.

Plaintiff received a copy of the Report as well as a witness request form and an inmate version form in advance of his disciplinary hearing. Id. ¶¶ 8-9; Defs.' Ex. B (Report showing checked boxes for forms to be sent), Ex. D (completed Inmate Request for Representation and

Witnesses form), Ex. E (completed witness version form). Plaintiff completed the Inmate Request for Representation and Witnesses form on May 1, 2011 and requested Dr. Bianco as a witness to testify on his behalf. Defs.' Ex. D. Defendant Canino approved that request. Defs.' Mot. for Summ. J. ¶ 15; Defs.' Ex. D. Plaintiff also completed the inmate version form on April 30, 2011, and gave it to Defendant Canino at the disciplinary hearing. Defs.' Mot. for Summ. J. ¶ 17; Defs.' Ex. F (Disciplinary Hearing Report) [hereinafter "Disciplinary Hearing Report"].

A disciplinary hearing was held on May 2, 2011. Defs.' Mot. for Summ. J. ¶ 10, 17; Disciplinary Hearing Report. Plaintiff signed a Waiver of Disciplinary Procedures form that the Hearing Examiner, Defendant Canino, had filled out. Defs.' Mot. for Summ. J. ¶ 11; Defs.' Ex. C (signed Waiver of Disciplinary Procedures). By signing the Waiver of Disciplinary Procedures, Plaintiff acknowledged that he had received written notice of the charges, that a guilty verdict at the hearing could result in discipline, and that he had the right to appeal a finding of guilt or the appropriateness of any discipline imposed to the Program Review Committee. Defs.' Mot. for Summ. J. ¶ 11; Defs.' Ex. C.

At the hearing, Plaintiff pled not guilty to both misconduct charges. Defs.' Mot. for Summ. J. ¶ 11; Disciplinary Hearing Report. Plaintiff testified at the hearing and his written version of events was read. Defs.' Mot. for Summ. J. ¶ 20; Ex. A (Hill Dep.) at 68:22-69:6, 70:4-14 [hereinafter "Hill Dep."]. Dr. Bianco also testified and stated that he did give the medication to Plaintiff.[3] Disciplinary Hearing Report.

Following the conclusion of the hearing, Plaintiff was found guilty only of one charge – being in an unauthorized cell. Defs.' Mot. for Summ. J. ¶ 23; Disciplinary Hearing Report; Hill Dep. at 76:14-20. The contraband charge was dismissed. Disciplinary Hearing Report; Hill Dep. at 76:14-20. Defendant Canino wrote that she based her finding of guilt on the videotape

---

[3] Plaintiff was not present when Dr. Bianco testified. Hill Dep. at 69:7-18, 74:19-21.

and the misconduct report.  Disciplinary Hearing Report.  Defendant Canino sentenced Plaintiff to 30 days of disciplinary custody and the loss of his job.  Disciplinary Hearing Report; Hill Dep. at 77:9-14.  Defendant Canino then reviewed the Disciplinary Hearing Report with Plaintiff and advised him that he could submit a request for a formal review within 15 days.  Hill Dep. at 78:23-79:1.  Plaintiff was then taken into disciplinary custody in the Restricted Housing Unit (RHU).  Id. at 84:18-20, 85:8-12.

On the same day, Plaintiff received a Misconduct Hearing Appeal form and prepared an appeal from his guilty verdict.  Defs.' Ex. G (completed Misconduct Hearing Appeal form) [hereinafter "Misconduct Hearing Appeal Form"]; Hill Dep. at 86:25-87:2.  He stated two grounds for his appeal:  first, that the punishment was disproportionate to the offense, and second, that the findings of fact were insufficient to support the decision.  Misconduct Hearing Appeal Form.  In the next day or two, Plaintiff filed the appeal with the Program Review Committee (the "PRC").  Hill Dep. at 93:15-17, 94:4-5.

On May 10, 2011, the PRC sustained the guilty verdict against Plaintiff.  In the report of its decision, the PRC stated that the action taken by the Hearing Examiner had been appropriate for the infraction, there had been no procedural violations, and the sanction imposed was within the provisions set forth in DC-ADM 801.  Defs.' Ex. H (PRC's Report of Misconduct Appeal).  Plaintiff received this report shortly after the PRC's decision. Hill Dep. at 97:1-10.  Plaintiff received a copy of the PRC's findings.  Hill Dep. at 97:1-10.

On May 18, 2011, the PRC held a periodic review of Plaintiff's sentencing to disciplinary custody, which Plaintiff attended.  Hill Dep. at 98:1-4, 98:23-99:15; Defs.' Ex. I (Periodic Review) [hereinafter "Periodic Review"].  Plaintiff requested the PRC to dismiss his misconduct and PRC cut Plaintiff's time in disciplinary custody from 30 days to time served, or 15 days.

4

Periodic Review; Hill Dep. at 100:5-24, 101:23-102:24.  Plaintiff was released from disciplinary custody on May 18, 2011.  Periodic Review; Hill Dep. at 102:25-103:5.

Plaintiff then filed a second level appeal with Defendant Michael Wenerowicz, the Superintendent, claiming his punishment was disproportionate to the offense and that the findings of fact were insufficient to support the decision.  Defs.' Ex. J. (Second Level Appeal to Superintendent); Hill Dep. at 108:12-22.  Plaintiff claimed that he should have received a warning or a 15-day cell restriction instead of the sanctions imposed, and he requested that his misconduct be dismissed and he be returned to his former status.  Defs.' Ex. J (Second Level Appeal); Hill Dep. at 109:4-17.

Wenerowicz denied Plaintiff's second-level appeal on May 23, 2011, finding no errors with the hearing.  Defs.' Ex. K (Superintendent's Response to Appeal).   In his Response to Plaintiff's Appeal, Wenerowicz noted that there were documented findings of fact in support of the underlying determination, that the hearing procedures were conducted in accordance with the DOC's Procedures Manual, and that the sanctions imposed were proportional to the offense.  Id.  Plaintiff received a copy of Wenerowicz's Response.  Hill Dep. at 118:21-23.

Plaintiff then filed a third-level, i.e. final, appeal on June 1, 2011, on the grounds that the procedures employed were contrary to the law and the department directives or regulations, that punishment was disproportionate to the offense, and that there should have been an informal resolution rather than a formal misconduct hearing.  Defs.' Ex. L (Third Level Appeal); Hill Dep. at 123:7-124:12, 132:4-11.  This was the first time Plaintiff raised any procedural defect, such as the contention that the issue should have been resolved informally, as grounds for an appeal.  Hill Dep. at 124:2-7, 13-16.  However, Plaintiff argues that he did not raise this

5

argument sooner because he did not have access to the DOC Inmate Handbook while he was in the RHU. Hill Dep. at 124:13-125:25.

On June 22, 2011, Defendant R.B. MacIntyre, the Chief Hearing Examiner, denied Plaintiff's final appeal, finding that the decision made by the Hearing Examiner was supported by evidence presented at the hearing and denying Plaintiff's argument regarding informal resolution of the charges because the decision as to whether to review charges informally or formally is left to the staff's discretion. Defs.' Ex. M (Final Review Decision).

The parties agree that the Inmate Handbook provided that Plaintiff's misconduct charges were eligible for informal resolution. Defs.' Ex. N (Inmate Handbook); Hill Dep. at 135:1-4. Nor do they dispute that the DOC's Procedures Manual provides that the Shift Commander decides whether to resolve the charges informally or whether to conduct formal proceedings. Defs.' Ex. O (Procedures Manual). Plaintiff admits that he never asked for an informal resolution. Hill Dep. at 144:4-11.

Having set forth the undisputed facts, I now turn to the legal analysis.

**IV.    Legal Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, "by affidavits or as otherwise provided in this rule [ ] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

Pro se litigants such as Mr. Williams are held to "less stringent standards" than trained counsel, Haines v. Kerner, 404 U.S. 519, 520 (1972), and the Court "will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name," Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002)). Due to the "understandable difference in legal sophistication," a *pro se* litigant must be held to a less exacting standard than trained counsel. Haines, 404 U.S. at 520-21. In the context of summary judgment, the Court of Appeals has recognized that "an inmate who is proceeding pro se, is in a decidedly difficult position from which to generate 'record evidence' on his behalf." Smith v. Mensinger, 293 F.3d 641, 649 n.4 (3d Cir. 2002) (citing Brooks v. Kyler, 204 F.3d 102, 108 n.7 (3d Cir. 2000)). However, "while pro se complaints are entitled to liberal construction, the plaintiff must still set forth facts sufficient to survive summary judgment." Ezeiruaku v. United States, No. 00-2225, 2000 WL 1751077, at *3 (E.D. Pa. Nov. 29, 2000) (citing Shabazz v. Odum, 591 F. Supp. 1513, 1515 (M.D. Pa. 1984)). Thus, notwithstanding giving a pro se

litigant every opportunity to functionally respond in some meaningful way to a summary judgment motion and the Court's liberal construction of Plaintiff's submissions, the same standards for summary judgment still apply. Agogbua v. Abington Mem'l Hosp., No. 03-6897, 2005 WL 1353612, at *3 (E.D. Pa. May 31, 2005).

V.   Discussion

The due process clause applies only where a plaintiff has been deprived of a liberty or property interest. Plaintiff contends that prison employees violated his due process rights in the handling of the misconduct charges against him. Plaintiff's lawsuit revolves around three central arguments:  first, that the sanctions imposed on him were unduly harsh; second, that the prison handled his complaint formally, when it should have been dealt with informally; and third, that he was denied access to a video, which was considered as evidence at his disciplinary hearing. These arguments all concern state-created liberty interests.

Due process protection for a state-created liberty interest is limited to situations "(1) when severe changes in conditions of confinement amount to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing, and (2) when state statutes and regulations create a liberty interest in freedom from restraint that imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Renchenski v. Williams, 622 F.3d 315, 325 (2010) (internal citations omitted).

Examining the facts in the light most favorable to the Plaintiff, there is insufficient evidence that Plaintiff's 15-day confinement would amount to either a "grievous loss" or constitutes an "atypical and significant hardship." See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (affirming dismissal because 15 months in administrative custody was not atypical and did not impose a significant hardship on plaintiff); Evans v. Sec'y Penn. Dep't of Corr., 645 F.3d 650, 665 (3d Cir. 2011) (reversing and remanding plaintiff's habeas corpus petition, holding

that a miscalculated release date does not violate plaintiff's due process rights). The Supreme Court has also held that being placed into a more severe level of confinement does not create a liberty interest under the Due Process Clause. Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (granting summary judgment in favor of officers because transfer of inmates to more restrictive confinement did not violate Due Process Clause). Nor do state procedures alone create a liberty interest under the Due Process Clause. Thomas v. Rosemeyer, 199 F. App'x 195, 198 (3d Cir. 2006). Thus, a plaintiff cannot show a Due Process violation by merely pointing to a prison's failure to follow state rules or regulations. Id.

Even when considered in the light most favorable to Plaintiff, the record evidence cannot support a finding that the conditions of Plaintiff's confinement violated his due process rights.

The Third Circuit precedents described above have established that if a plaintiff's liberty interest has not been violated, a court does not need further evaluate the process used. Because the Plaintiff does not have a protected liberty interest against remaining free of disciplinary custody, the state owed him no process before the officers placed him in disciplinary custody.[4] Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). The conditions imposed on plaintiff do not meet the conditions described in Sandin v. Conner, 515 U.S. 472 (1995) and described as "atypical and significant hardship."

---

[4] Where a prisoner's liberty interest are violated, the Court must determine whether the plaintiff received advanced written notice of the charges, an opportunity to call witnesses and present evidence, and a written statement from the fact finder discussing the evidence they relied on and the reasons for disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Having found that Defendants did not violate Plaintiff's liberty interests, the Court will not address this analysis. However, we briefly note that the undisputed facts appear to show that Plaintiff received notice of the charges against him; an opportunity to have witnesses appear on his behalf at the disciplinary hearing, and indeed had a witness testify on his behalf; the opportunity to testify and submit his version of the facts at his hearing, which he did; an explanation of the findings at the hearing and the basis for the sanctions imposed; and the opportunity to seek appellate review of those findings, which Plaintiff did indeed pursue.

## VI. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **GRANTED**.

An appropriate order follows.

O:\CIVIL 11\11-7329 hill v. knapp\11cv7329.061714.memo.docx